1   **WO**                                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9

10

11   Sean Patrick Ward,                    )    No. CV 07-606-PCT-MHM (MEA)
                                           )
12              Petitioner,                )    **ORDER**
                                           )
13   vs.                                    )
                                           )
14   Dora Schriro, et al.,                 )
                                           )
15              Respondents.               )
                                           )
16   ─────────────────────────────────────

17          Petitioner Sean Patrick Ward, who is confined in the Arizona State Prison Complex

18   in Yuma, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus pursuant

19   to 28 U.S.C. § 2254.[1]  (Doc.# 1.)  He has paid the $5.00 filing fee.  The Court will require

20   an answer to the Petition.

21          Petitioner was convicted by a jury of one count of second degree murder in Mohave

22   County Superior Court, CR 2000-0347 on March 16, 2001 and he was sentenced to 22 years

23   imprisonment on April 13, 2001.  (Id. at 1-2, 6.)  On September 26, 2002, Petitioner's

24   conviction and sentence were affirmed by the Arizona Court of Appeals on direct appeal, No.

25   ─────────────────────

26          [1] Counsel describe themselves as "Temporary Counsel for Petitioner On behalf of The

27   Arizona Justice Project," doc.# 1 at 1, "to assure that this petition is filed within the
     applicable statute of limitation," id. at 5.  LRCiv 83.3 applies with respect to any subsequent

28   withdrawal or substitution of counsel in this case.  "Doc.#" refers to the docket number of
     documents filed in this action.

CA-CR 01-0374.  (Id., ex. A.)  The Arizona Supreme Court denied review on March 18, 2003, and the mandate issued on April 21, 2003.  (Id. at 2.)  Petitioner filed a state petition for post-conviction relief in the Superior Court, which held an evidentiary hearing on April 23, 2004.  (Id. at 3.)  On May 17, 2004, the Superior Court denied the petition for post-conviction relief.  (Id., ex. B.)  Petitioner requested that the deadlines to file a motion for rehearing and a petition for review be extended until a transcript of the evidentiary hearing was prepared, which was apparently granted.  (Id.)  On June 24, 2004, the United States Supreme Court issued its decision in Blakely v. Washington, 542 U.S. 296 (2004), prior to completion of preparation of the evidentiary hearing transcript.  (Id.)  On November 18, 2004, Petitioner filed a petition for review of the denial of his post-conviction relief petition in the Arizona Court of Appeals.[2]  (Id.)  On November 22, 2004, he filed a motion in the Superior Court to supplement his petition for post-conviction relief in order to add a claim based on Blakely, which the Superior Court denied on December 8, 2004.  (Id.)  On January 7, 2005, Petitioner filed a second petition for review in the Arizona Court of Appeals regarding the denial of his motion to supplement his post-conviction petition with a Blakely claim and a motion to consolidate the two petitions for review.  (Id. at 3-4.)  On January 14, 2005, the Arizona Court of Appeals denied the motion to consolidate.  (Id. at 4.)  On October 17, 2005 and October 6, 2006, respectively, the Arizona Court of Appeals denied the first and second petitions for review.  (Id.)  On May 25, 2006, the Arizona Supreme Court denied a petition for review of Court of Appeals' denial of the petition for review of the denial of the petition for post-conviction relief.  (Id.)  On December 12, 2006, Petitioner filed a petition for review from the denial of review of the denial of the motion to supplement, pursuant to an extension of time granted by the Arizona Court of Appeals, which remains pending before the Arizona Supreme Court.  (Id.)

Petitioner names Arizona Department of Corrections Director Dora Schriro and the Arizona Attorney General Terry Goddard as Respondents.  Petitioner alleges trial counsel

---

[2]  On December 21, 2004, Petitioner filed an amended petition for review to correct "format errors"  (Id.)

1  rendered ineffective assistance by failing to conduct a reasonable investigation, to argue the

2  medical evidence, and to adequately argue the evidence in closing.  (Doc.# 1 at 26-50.)  He

3  also alleges that his due process rights were violated by the State's bad faith decision not to

4  record a police interview of a child witness and by the State's improper vouching for its

5  witnesses and improper bolstering.  (Id. at 50-56.)

6          It is unclear whether Petitioner has exhausted his claims.  Even assuming that the

7  exhaustion requirement has not been met, it appears that any unexhausted claim may be

8  procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would

9  be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where

10  petitioner failed to exhaust claims and it was not clear whether the claims were procedurally

11  barred).  Accordingly, an answer is required.  28 U.S.C. § 2254(a).

12  **IT IS ORDERED:**

13          (1)     The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order

14  on the Respondent and the Attorney General of the State of Arizona by certified mail

15  pursuant to Rule 4, Rules Governing Section 2254 Cases.

16          (2)     Respondent must answer the Petition within 40 days of the date of service.

17  Respondent must not file a dispositive motion in place of an answer but may file an answer

18  limited to relevant affirmative defenses, including but not limited to, statute of limitations,

19  procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only

20  those portions of the record relevant to those defenses need be attached to the answer.

21  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the

22  defense.  Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006).  If not limited to

23  affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of

24  the Rules Governing Section 2254 Cases.

25          (3)     Petitioner may file a reply within 30 days from the date of service of the

26  answer.

27  ///

28  ///

1    (4)    This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and

3  recommendation.

4        DATED this 22nd day of May, 2007.

5

6

7  _____

        Mary H. Murguia
8        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28