**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Patrick Ward,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, Director, Arizona Department of Corrections; and Terry Goddard, Attorney General,<br><br>　　　　Respondents. | No. CV 07-606-PCT-MHM<br><br>**ORDER** |

    The Court is in receipt of Petitioner Sean Patrick Ward's Request for Status Regarding Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (Doc. 42). Petitioner's Writ of Habeas Corpus is currently under review by this Court and an Order shall be issued in the near future.

    Additionally, this Court previously ordered the Parties to submit additional briefing concerning whether 28 U.S.C. § 2254(e)(2) prohibits this Court from holding an evidentiary hearing on Petitioner's ineffective assistance of counsel ("IAC") claim (specifically, to call Petitioner's trial counsel, Eric Engan, to testify) based on the fact that Petitioner's trial counsel was not called as a witness at the state court evidentiary hearing on Petitioner's Petition for Post-Conviction Relief. (Doc. 37).[1] The Parties submitted their respective briefs

---

[1] Neither Party has requested an evidentiary hearing in this matter.

1 | on July 24, 2010.  (Docs.  40 & 41).

Having considered the Parties' submissions and the applicable law, the Court finds that § 2254(e)(2) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits it from holding an evidentiary hearing on Petitioner's Petition for Post-Conviction Relief.   Under AEDPA, if "the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing."  28 U.S.C. § 2254(e)(2).  The Supreme Court has explained that the phrase "failed to develop" denotes a lack of diligence, and "[d]iligence for purposes of [28 U.S.C. § 2254(e)(2) ] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend ... upon whether those efforts could have been successful." Williams v. Taylor,  529 U.S. 420, 436 (2000).   "[T]his rule serve[s] the AEDPA's goal of furthering comity in that 'federal courts sitting in habeas are not an alternative forum for trying facts and issues which a petitioner made insufficient effort to pursue in state court proceedings.'"  Schad v. Schriro, 454 F.Supp.2d 897, 943 (D. Ariz. 2006) (quoting Williams, 529 U.S. at 437).

The record shows that the state trial court held an evidentiary hearing on April 23, 2004, to permit Petitioner to present evidence on his numerous IAC claims. (Doc No. 13: Answer, Ex. A).  Petitioner called numerous witnesses, but elected not to call his trial attorney, Mr.  Engan, despite having communicated with and interviewed him as part of its preparation for the evidentiary hearing.  (Doc.  41, p.4).  Since it appears that Petitioner had an opportunity to take Mr. Engan's testimony, but failed to do so, any deficiencies in the factual basis of Petitioner's IAC claims owing to the fact that Mr. Engan did not testify are of Petitioner's own creation.  Consequently, the Court finds that Petitioner, with respect to developing the factual basis of claims for which the testimony of Mr.  Engan is necessary, did not exercise the requisite diligence.   Section 2254(e)(2), therefore, prohibits this Court from holding an evidentiary hearing on Petitioner's Petition

1 | for Post-Conviction Relief.[2]

2 | **Accordingly,**

3 | **IT IS HEREBY ORDERED** granting Petitioner's Request for Status Regarding Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (Doc. 42). The Court expects to issue an Order concerning Petitioner's Writ of Habeas Corpus in the near future. Additionally, finding that doing so is prohibited by 28 U.S.C. § 2254(e)(2) of AEDPA, the Court will not hold an evidentiary hearing on Petitioner's Petition for Post-Conviction Relief.

DATED this 13th day of August, 2010.

_____
Mary H. Murgula
United States District Judge

---

[2] In reaching this conclusion, the Court notes that it is not making any decision with respect to the merits of Petitioner's IAC claims. Additionally, it declines at this time to adopt the position advocated by Respondents that the absence of Mr. Engan's testimony prevents Petitioner from being able to prove the deficient performance element of his IAC claims.